# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30729
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAPHEW T. REED, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CR-146-1

Before BENAVIDES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Raphew T. Reed, Jr., pleaded guilty, pursuant to a plea agreement, to one count of false representation of a social security number and one count of wire fraud. At sentencing, Reed testified at length and attempted to minimize his culpability by blaming others for his conduct. The district court sentenced him to concurrent terms of 48 months in prison on each count and to three-year concurrent terms of supervised release on each count. Reed argues on

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal that counsel rendered ineffective assistance by allowing him to testify at sentencing, which, he asserts, resulted in the district court's denial of a three-level reduction for acceptance of responsibility and a sentence at the high end of a higher guidelines range.

This court generally does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987). In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007). Reed did not raise this ineffective assistance claim in the district court at any time. Because the record is not sufficiently developed to allow for a fair consideration of the claim, we decline to consider it on direct appeal without prejudice to his right to raise the claim on collateral review. *See Isgar*, 739 F.3d at 841.

The judgment of the district court is AFFIRMED.